IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LIZA D. ROSA RIVERA, et al.,<br><br>Plaintiffs<br><br>v.<br><br>ALEJANDRO OTERO LÓPEZ HOSPITAL INC., et al.,<br><br>Defendants | CIVIL 07-1552 (JAG) |

O R D E R

The matters before the court include a motion by defendant Alejandro Otero López Hospital ("defendant") to strike Dr. Carlos Ramírez ("Dr. Ramírez") as a witness for the plaintiff, and a motion by plaintiff Liza D. Rosa Rivera ("plaintiff") to compel defendants to reschedule the deposition of Dr. Ramírez. (Docket Nos. 73 & 75.) Federal Rule of Civil Procedure 26 requires that a party tendering expert witness testimony submit a report that includes, *inter alia*, a "complete statement of all opinions the witness will express and the basis and reasons for them," and any "data or other information considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(I)-(ii). Additionally, a deposition may only be conducted after the Rule 26(a)(2)(B) reports are provided. Fed. R. Civ. P. 26(a)(4)(A). Failure to comply with Rule 26 is governed by Rule 37. Rule 37(c)(1) states:

CIVIL 07-1552 (JAG)                     2

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

In the instant case, plaintiff was directed by this court's order to produce all of the medical literature that Dr. Ramírez would use during trial, prior to his deposition. (Docket No. 70.) Failure to comply with said condition would result in Dr. Ramírez being stricken from testifying at trial. Id. In one instance, Dr. Ramírez provided selected pages from an edition of a medical literature different from the one previously cited; many of the provided pages were illegible due to Dr. Ramírez' printer malfunctioning. (Docket No. 73, at 4-5, ¶¶ 15 & 16.) Additionally, defendants submit that another book in Dr. Ramírez' report to be used as support for his opinion was not produced. (Id. at 6, ¶ 17.) Plaintiff provides no evidence in support of his assertion that Dr. Ramírez "provided the hard copy of the remaining medical literature that he will [use] at trial," nor does he provide substantial justification for this omission. (Docket No. 75, at 1-2, ¶ 3.) Rather, plaintiff argues that the defendants have engaged in systemic heel-dragging, and requests that this court order the defendants to reschedule Dr. Ramírez' deposition. (Id. at 2-3, ¶¶ 7-9.)

CIVIL 07-1552 (JAG)                               3

In failing to produce all of the medical literature he planned to use during trial before the deposition, Dr. Ramírez has failed to abide by the conditions in this court's order on December 24, 2008.  Further, producing documents that Dr. Ramírez would rely upon in his deposition, on the same day of his deposition, fails to give defendant's counsel adequate time to prepare; nor does it maintain the spirit of the Rule.  Plaintiff's omission is therefore not harmless and the consequences of Rule 37(c)(1) must flow.

For these reasons, defendant's motion to exclude Dr. Carlos Ramírez as an expert witness is GRANTED.  (Docket No. 73.)  Plaintiff's motion to compel defendants to reschedule the deposition is therefore DENIED.  (Docket No. 75.)

SO ORDERED.

At San Juan, Puerto Rico, this 4th day of March, 2009.

                                        S/ JUSTO ARENAS
                               Chief United States Magistrate Judge